17-2997-cv
*M.E.S., Inc. et al. v. Safeco Insurance Co. of America, et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term 2018

(Argued:  December 10, 2018    Decided:  December 14, 2018)

Docket No. 17-2997-cv

---

M.E.S., INC., M.C.E.S., INC., and GEORGE MAKHOUL,

*Plaintiffs-Appellants*,

v.

SAFECO INSURANCE COMPANY OF AMERICA, LIBERTY MUTUAL
INSURANCE COMPANY, S.A. COMUNALE CO. INC., RONALD GOETSCH,
DAVID PIKULIN, and CARYN MOHAN-MAXFIELD,

*Defendants-Appellees*.[*]

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

Before:

  SACK, PARKER, and CHIN, *Circuit Judges*.

---

The Clerk of Court is directed to amend the official caption to conform to the above.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Chen, *J.*), granting summary judgment and dismissing all claims in the Second Amended Complaint against defendants-appellees. On appeal, plaintiffs-appellants argue that the district court erred in holding that they failed to demonstrate the existence of a triable issue of fact as to their claims that defendants-appellees breached their contractual obligations and engaged in bad faith and tortious conduct.

AFFIRMED.

---

MICHAEL CONFUSIONE, Hegge & Confusione, LLC, Mullica Hill, New Jersey, *for Plaintiffs-Appellants.*

VIVIAN KATSANTONIS, Watt, Tieder, Hoffar & Fitzgerald, L.L.P., McLean, Virginia, *for Defendants-Appellees Safeco Insurance Company of America, Ronald Goetsch, David Pikulin, and Caryn Mohan-Maxfield.*

JONATHAN BONDY (Stephen A. Wieder, Beth J. Rotenberg, *on the brief*), Chiesa Shahinian & Giantomasi PC, West Orange, New Jersey, *for Defendant-Appellee Liberty Mutual Insurance Company.*

JAMES A. KASSIS, Schenck, Price, Smith & King, LLP, Florham Park, New Jersey, *for Defendant-Appellee S.A. Comunale Co. Inc.*

---

PER CURIAM:

Plaintiffs-appellants M.E.S., Inc. ("MES"), M.C.E.S., Inc., and George Makhoul (collectively, "Plaintiffs") appeal the district court's August 25, 2017 judgment dismissing all claims in the Second Amended Complaint against defendants-appellees Safeco Insurance Company of America, Ronald Goetsch, David Pikulin, and Caryn Mohan-Maxfield (collectively, "Safeco"); Liberty Mutual Insurance Company ("Liberty Mutual"); and S.A. Comunale Co. Inc. ("Comunale"). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

This case arises from three construction projects undertaken by the United States Army Corps of Engineers (the "Corps") between 2003 and 2006. The Corps hired MES as the general contractor on two of the projects and Hirani/MES, JV (the "Joint Venture") as the general contractor on the third.[1] At MES's request, Safeco issued performance and payment bonds for all three projects, and MES agreed to indemnify Safeco for any losses resulting from its issuance of the bonds for two of the projects. The Joint Venture is identified as

---

[1]    The Joint Venture is listed in the captions in the district court's memorandum and order, but not in the judgment or notice of appeal. Plaintiffs' brief on appeal does not indicate that it was submitted on behalf of the Joint Venture, nor has a separate brief been filed on its behalf.

3

the "Principal" in an identical indemnity agreement with Safeco for the third project, which was executed by the Joint Venture, Hirani Engineering & Land Surveying, P.C., and MES. Thereafter, MES executed a subcontract with Comunale to perform fire protection work on two of the projects. Liberty Mutual issued performance and payment bonds for these subcontracts.

In 2008, the Corps issued Cure Notices for each project, notifying MES and the Joint Venture of their respective failures and requiring them to cure all failures within 14 days. The Corps subsequently terminated each contract for default and made a bond demand on Safeco to complete the remaining work for each project. Safeco incurred losses in responding to the Corp's bond demands and performing its attendant obligations.

Safeco and MES brought separate actions in the United States District Court for the Eastern District of New York related to the three construction projects. In its June 16, 2015 Minute Order, the district court dismissed Plaintiffs' claims based on the third project for lack of standing, reasoning that MES had not shown that it was a third-party beneficiary of the contract in question. On September 3, 2015, the district court granted the parties leave to file cross summary-judgment motions in both cases. The district court

4

decided these motions in a detailed 76-page memorandum and order under captions for both cases, and entered separate judgments for each case. This appeal concerns only the action initiated by MES.[2]

The district court dismissed Plaintiffs' claims arising from the third project for lack of standing. We have some doubt as to whether this decision was correct,[3] but we need not decide the question for MES's claims based on the third project are essentially identical to its claims based on the other two projects. We conclude that MES's claims fail on the merits, substantially for the reasons given by the district court in its memorandum and order of March 30, 2017. Indeed, after nine years of litigation, including five years of discovery, MES fails to articulate any support for its accusations that Safeco breached its contractual obligations or engaged in bad faith or tortious conduct. The claim that Safeco acted inappropriately by attending the cure meetings is particularly frivolous, as the record shows that, in its Cure Notices, the Corps "required" the "presence of [MES's] bonding company" at the meetings. J. App. at 4042, 4045; *see also* J. App.

---

[2]     The judgment in this case dismisses claims in the Second Amended Complaint and does not address any other claims. There is an appeal pending in the action initiated by Safeco, No. 18-2672.

[3]     The record does not indicate whether the Joint Venture is a separate legal entity or whether it was operating through the two joint venturers. *See, e.g.*, *Geneva Pharm. Tech. Corp. v. Barr Labs. Inc.*, 386 F.3d 485, 514 (2d Cir. 2004) (holding that a member of a joint venture had standing to pursue claims for injuries to the joint venture). Moreover, the original contract was in MES's name and was signed on behalf of MES, and while the indemnity agreement identified the Joint Venture as principal, it was signed by and on behalf of three entities, including MES.

at 4079, 4110.  MES has failed to identify any good faith basis, in law or on the basis of the agreements at issue, for its assertion that Safeco had no right to take steps to meet its obligations under the surety bonds.  The contention that Safeco somehow was motivated to induce MES to fail obviously makes no sense, for MES's failure to meet its obligations would have triggered Safeco's liabilities as surety.

## CONCLUSION

We have considered MES's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.  Defendants-appellees have not requested sanctions for MES's numerous arguments lacking a basis in law or face.  We, however, *sua sponte* award Safeco double costs.